IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-32279 (JPN) |
| SIANA OIL & GAS CO., LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | Subchapter V |
| | § | |
| | § | |
| MEWBOURNE OIL COMPANY, | § | |
| | § | |
| Interpleader Plaintiff, | § | |
| vs. | § | Adversary No. 23-_____ |
| | § | |
| SIANA OIL AND GAS CO., LLC, a Texas limited liability company, and SIANA OPERATING, LLC, a Texas limited liability company, STEPHANIE GARCIA RICHARD, COMMISSIONER OF PUBLIC LANDS, of the STATE OF NEW MEXICO, in her official capacity, JAMES A. GIBBS, VONNIE WENCK, Individually and as independent executor of the estate of JOHN A. WENCK JR., DECEASED, DAVID BARR, LISA BARR, R. MILLER HOUGHTON, KEVIN M. COKINOS, CHRISTOPHER M. COKINOS, BRETT TAYLOR, GEORGE M. RAGSDALE, Trustee, PACIFIC VR LLC, BAILEY LEASEHOLD LP, JAMES J. WOODCOCK OIL & GAS LP, TAJOS OIL & GAS LTD., CHASE OIL CORPORATION, WELLINGTON HOT WELLS I, LP, SIPPI OIL & GAS, LLC, JAMES J. BRANIFF III, BLANCO HOLDINGS I, LTD, and THOMAS M. RAGSDALE. | § | |
| Interpleader Defendants. | § | |

**MEWBOURNE OIL COMPANY'S
COMPLAINT IN INTERPLEADER AND FOR
<u>DECLARATORY JUDGMENT</u>**

Mewbourne Oil Company ("Mewbourne"), files its Complaint in Interpleader and for Declaratory Judgment would respectfully show this Court as follows:

## I.    THE PARTIES

1. Mewbourne is a Delaware corporation that operates wells which in part comprise, to the extent of the Debtor's working interest, property of the Debtor's bankruptcy estate.

2. Interpleader Defendant Siana Oil & Gas Co., LLC ("Siana" or the "Debtor") is the Debtor in the above styled bankruptcy case.

3. Interpleader Defendant Siana Operating, LLC ("Siana Operating") is an affiliate to the Debtor.

4. Defendant Commissioner of Public Lands, Stephanie Garcia Richard, in her official capacity as Commissioner of Public Lands of the State of New Mexico (the "Commissioner"), is a duly elected constitutional officer of the State of New Mexico having such responsibilities as provided to her by the Constitution of the State of New Mexico and statutes of the State of New Mexico. She is a Judgment Plaintiff in a lawsuit styled: *Stephanie Garcia Richard, Commissioner Of Public Lands Of The State Of New Mexico, Plaintiff, v Siana Operating, LLC, A Texas Limited Liability Company, And Siana Oil And Gas Co., LLC, A Texas Limited Liability Company, Defendants* bearing cause no. Cause No. D-101-CV-2016-01101 (the "State Land Office Litigation"). The Commissioner received a money judgment in the amount of $2,429,624.36 against the Debtor on September 1, 2020, which has since accrued additional post-judgment interest. The Commissioner issued a Writ of Garnishment to Mewbourne prebankruptcy in an effort to enforce and collect, in part, upon its judgment. The Writ of Garnishment and the State Land Office Litigation impacts the entitlement to distributions from the sale of hydrocarbons production by Mewbourne.

5. In addition to the State Land Office Litigation, Siana is a Defendant in another lawsuit pending in Lea County, New Mexico styled *James A. Gibbs, Vonnie Wenck, Individually And As Independent Executor Of The Estate Of John A. Wenck Jr., Deceased, David Barr, Lisa Barr, R. Miller Houghton, Kevin M. Cokinos, Christopher M. Cokinos, Brett Taylor, George M. Ragsdale, Trustee, Pacific VR LLC, Bailey Leasehold LP, James J. Woodcock Oil & Gas LP, Tajos Oil & Gas Ltd., Chase Oil Corporation, Wellington Hot Wells I, LP, Sippi Oil & Gas, LLC, James J. Braniff III, and Blanco Holdings I, Ltd, Plaintiffs, v. Siana Oil & Gas Company, LLC, Defendant,* bearing Cause No. D-506-CV-2022-01011(the "Gibbs Litigation"). In the Gibbs Litigation, Debtor's title ownership is in dispute as to eight (8) producing wells referred to as the "Inland Wells" (defined below).

6. The Gibbs Litigation involves allegations and claims that title to the Inland Wells does <u>not</u> reside in the Debtor, and actual ownership is held by Interpleader Defendants James A. Gibbs, Vonnie Wenck, Individually and as Independent Executor of the Estate of John A. Wenck Jr., Deceased, David Barr, Lisa Barr, R. Miller Houghton, Kevin M. Cokinos, Christopher M. Cokinos, Brett Taylor, George M. Ragsdale, Trustee, Pacific VR LLC, Bailey Leasehold LP, James J. Woodcock Oil & Gas LP, Tajos Oil & Gas Ltd., Chase Oil Corporation, Wellington Hot Wells I, LP, Sippi Oil & Gas, LLC, James J. Braniff III, Blanco Holdings I, Ltd. (the "Gibbs Plaintiffs"). Due to this ongoing and active title dispute, Mewbourne has named the Gibbs Plaintiffs and Siana as named Interpleader Defendants to determine whether the property is property of the bankruptcy estate or property owned by others.

7. Interpleader Defendant Thomas M. Ragsdale ("Ragsdale") (a/k/a Tom Ragsdale a/k/a Tom M. Ragsdale) is an individual and the sole owner and, on information and belief, the sole manager of both Siana and Siana Operating. He, or other representatives of Siana acting on

his behalf with his authority, have undertaken acts, made claims or provided representations over an extended period of time that give rise to disputing claims to ownership of some or all of the wells that Mewbourne operates.

8. As this case involves a dispute involving (i) title to certain oil and gas real property interests that may comprise property of the bankruptcy estate; (ii) an entitlement to certain net proceeds after payment of operating costs arising from the production of oil and gas attributable to a disputed 10% working or other interest, in oil and gas wells operated by Mewbourne, certain of which may be claimed or should be considered property of Siana's bankruptcy estate; and (iii) involves the distribution or interest in potential property of the estate by parties holding or asserting claims against the Debtor and its property, this Court has *in rem* and *quasi in rem* jurisdiction to resolve this matter.

9. Using statutory regulations and provisions provided by the State of New Mexico, Mewbourne has obtained several Orders from the State of New Mexico Energy, Minerals, and Natural Resources Department Oil Conservation Division (the "Pooling Orders"). Similarly, Mewbourne has negotiated several Joint Operating Agreements (the "JOAs") regarding the wells at issue. Based on these Pooling Orders and JOAs, Mewbourne has rights and obligations regarding the operation of 38 wells of which the Debtor may have a self-claimed interest.

10. In its role as operator, Mewbourne often is called upon to extend credit and therefore entitled to receive adequate protection for its advances made for the benefit of the Debtor. As a result, in accordance with Sections 363 and 365 Mewbourne is entitled to receive adequate protection and adequate assurance to the extent of Siana's efforts to obtain and use cash collateral emanating from the wells that Mewbourne operates and to otherwise receive adequate assurance of future performance on account of its interests in the joint operations that Mewbourne undertakes

for the benefit of Siana on any wells it has an interest in, and any other wells that hereafter may be proposed and drilled to which the Debtor may assert or be entitled to an interest.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 because, upon information and belief, the wells and proceeds therefrom that Mewbourne operates does or may comprise property of the Debtor's bankruptcy estate and otherwise involves the claims by creditors to property comprising property of the estate, or whose rights for recovery and priority are subject to the Bankruptcy Code's treatment of creditors. This matter is accordingly a core proceeding pursuant to 28 U.S.C. § 157, and venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

12. Mewbourne consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment in this Adversary Proceeding consistent with Article III of the United States Constitution.

## III. BACKGROUND

A. **The New Mexico Wells**

13. Siana filed its chapter 11 bankruptcy case on June 21, 2023. It elected treatment under Subchapter V of the Code. The Debtor has explained under oath in the Section 341 meeting and elsewhere "[t]he collection actions of the State of New Mexico prompted the filing of this petition." See, e.g., *Chapter 11 Subchapter V Status Report*, Docket No. 32.

14. Mewbourne is an oil and gas exploration and production company. It operates oil and gas wells. As to the eight (8) wells described below that are the subject of this Complaint, the operations are governed by the Pooling Orders and pursuant to New Mexico state law.

15. In regard to this Complaint, Mewbourne serves as operator on eight (8) producing wells in the State of New Mexico that are listed as owned by Debtor in its schedules of assets. These wells are in each instance operated under the respective Pooling Orders. The Debtor, or other Interpleader Defendant parties herein, have or assert ownership, lien, or have other claims with respect to the working interests Siana claims it owns in the eight (8) Inland Wells. Siana has asserted an ownership claim in opposition to other of the Interpleader Defendants.

16. By the Debtor's own admissions, it has substantial work to undertake in this case to put its accounting and other business operations issues into an understandable state. *See, e.g.*, *Chapter 11 Subchapter V Status Report*, Docket No. 32.[1]

17. During the time Mewbourne has operated the wells, it has routinely been informed, and generally engaged in regular course of dealings, that Siana owned the claimed interests in wells operated by Mewbourne. Typically, Siana informed Mewbourne that Siana was variously either a "d/b/a" or otherwise a trade name, and that the regular transmission of distribution transfers made to the order of Siana would be thereafter handled by Ragsdale, as owner or proprietor, as he saw fit. Generally, Mewbourne dealt with persons who represented themselves as Siana agents or employees, with regard to all Mewbourne operated wells. Additionally, Mewbourne routinely transmitted the net proceeds of production to Siana in the normal course of its revenue distribution.

18. With respect to the eight (8) Inland Wells, Mewbourne learned of conflicting claims to Siana's asserted ownership of the working interest. On April 1, 2021, Blanco Holdings, Inc. filed a Memorandum of Nominee Agreement and Affidavit of Beneficial Ownership in Oil, Gas

---

[1] Q1: "The Debtor has been working on issues with accounting, funds and other issues." Q2. "The Debtor is needing to update and improve its financial information. The Debtor is seeking to employ Consolidated Asset Management Services (Texas), LLC ("CAMS"). CAMS has the expertise to update and complete the financial information for the debtor." Q17. "The Debtor has significant assets in producing oil and gas properties. The Debtor is taking actions to get its financial records up to date."

and Mineral Leases and Wells, recorded at Book 2187, Page 379, of the Public Records of Lea County, New Mexico (the "Affidavit of Beneficial Ownership"). At this point at the latest, Mewbourne received actual notice of the conflicting claims filed against Siana.

19. After Siana filed its bankruptcy case, Siana tardily filed its schedules of assets by which Siana's sole owner, manager, and officer, Tom Ragsdale, verified that Siana owned working interest in eight (8) of the wells Mewbourne operates. See, Docket 29. In particular, Siana claimed an ownership interest in these 8 of the 38 wells that Mewbourne operates stating:

> Part 9, Pages 9-10/65-8 wells in Lea County, New Mexico – Inland Property. Current value listed is $15,700,000.00.

See, Debtor's Schedules. Mewbourne believes this general reference in the Debtor's schedules refers to these eight (8) wells, identified as follows:

1. INLAND 26/23 B2PI State Com #1H;
2. INLAND 26/23 B2OJ State Com #1H;
3. INLAND 26/23 B2ML State Com #1H;
4. INLAND 26/23 B3ML State Com #1H;
5. INLAND 26/23 B2NK State Com #1H;
6. INLAND 26/23 B3OJ State Com #2H;
7. INLAND 26/23 B3NK State Com #2H; and
8. INLAND 26/23 B3PI State Com #2H.

(collectively the "Inland Wells"). While Mewbourne sees no basis for the unexplained and extraordinarily excessive value the Debtor listed for these wells, Mewbourne is informed as described above that others have challenged the Debtor's asserted title in these Inland Wells or have a claim to recover amounts from Siana.

20. In the course of developing, drilling and then operating the Inland Wells, Mewbourne regularly invoices significant amounts to Siana on account of operating, reworking, drilling, development, or other charges associated with the operation of the eight oil and gas wells. In addition to normal payment processes on account of the authorizations for expenditures and joint interest billings that are made, Mewbourne has recoupment and setoff rights associated with the amounts it is owed with respect to the wells it operates from the revenues the wells generate. Mewbourne has regularly netted, or recouped, amounts it is due, remitting any net proceeds to Siana, at least until shortly before the bankruptcy case when the title issues and disputes became more acute. As such, to the extent of any amounts due, Mewbourne is a secured creditor in this case entitled to adequate protection of its interest in property.

21. Mewbourne, as a secured creditor, is entitled to adequate protection for any use by Siana of cash collateral attributable to Siana's secured interest in funds representing proceeds of production attributable to the working interest owned by Siana, or otherwise the subject of others' competing claims, whether ownership or by asserted lien rights.

**B.    The Inland Wells, Gibbs Litigation and Inland Suspense Funds**

22. As noted, Mewbourne operates the Inland Wells located on State of New Mexico Oil and Gas Lease No. V-5887 covering the North 1/2 of Section 26, Township 21 South, Range 34 East, N.M.P.M, Lea County, New Mexico in which Siana has purported to own a minority working interest.

23. An active title dispute exists in the Gibbs Litigation regarding Siana's purported ownership of a 10% working interest in the Inland Wells. As a result of that title dispute, as well as more recent other collection action relating to a judgment issued against Siana by the Judgment Plaintiff, along with the risk Mewbourne would face claims from multiple competing, potential

owners, Mewbourne suspended the net proceeds of production attributable to Siana's claimed interest in the Inland Wells ("<u>Inland Suspense Funds</u>"), subject to payment of its operating expenses. Through August 2023, the net amount after payment of all operating costs and charges owing as calculated under the applicable Pooling Orders that cover the Inland Wells, there is currently remaining net amounts which comprise the Inland Suspense Funds of approximately $3,593,838.58.

C.     **The Gibbs Litigation and the Commissioner's Judgment**

24.    If the Gibbs Litigation results in Siana confirming its sole ownership to the Inland Wells and the net suspended proceeds therefrom, the Inland Suspense Funds and Inland Wells may also be subject to competing claims in favor of the Commissioner in the New Mexico State Land Office Litigation. Among other acts, the Commissioner served a Writ of Garnishment on Mewbourne on March 6, 2023, shortly before the bankruptcy. Mewbourne is uncertain if the Commissioner has abstracted a judgment or asserts a judgment lien on the Inland Wells or other wells in dispute. As such, the Commissioner could also have a competing claim to the Inland Suspense Funds.

25.    In sum, a controversy exists as to the ownership of or priority interest in the Inland Suspense Funds between the Gibbs Litigation parties, including Siana, and the Commissioner, as a judgment creditor. While Mewbourne currently holds the Inland Suspense Funds in suspense as net of operating costs or other charges, it asserts no right or interest thereto.

## IV.  <u>INTERPLEADER</u>

26.    Mewbourne restates the allegations set forth above.

27.    To avoid double or multiple liability, the threat of multiple or vexatious litigation, and/or other loss contingencies, Mewbourne seeks to interplead the Inland Suspense Funds and

future funds accruing to the disputed interests in the Inland Wells, net of all operating expenses and charges arising under the Pooling Orders, into the Court's registry. Proceeds will continue accrue to the disputed interests in the Inland Wells on a monthly basis by virtue of the continued production of oil and gas. Mewbourne requests that it be allowed to thereafter tender additional net funds accruing to the disputed interests in the Inland Wells after accounting for and netting amounts owed to Mewbourne by virtue of expenses of operation—into the Court's registry on a monthly basis, *pendente lite*, within a reasonable time after receiving the proceeds from the production for the prior month.

28. Mewbourne additionally requests that once the Inland Suspense Funds and future funds accruing to the disputed interests in the Inland Wells net of Mewbourne's operating costs are interpleaded into the registry of this Court, that Mewbourne be released and discharged from any further obligations for payment of interest or otherwise on said tendered funds.

29. Additionally, Mewbourne requests that this Court order that, out of the funds interpleaded, Mewbourne's attorney fees incurred in this matter be reimbursed as Mewbourne has been forced to incur such fees in commencing this action as a consequence of the complex, competing claims.

## V. **DECLARATORY RELIEF**

30. Mewbourne restates the allegations set forth above.

31. Mewbourne as operator needs clarity as to the record title of the working interest in the Inland Wells.

32. Mewbourne has been subjected to competing demands from others as to ownership of certain wells, in particular as to the eight (8) Inland Wells by the Gibbs Litigation parties. In addition, Mewbourne was subjected to a writ of garnishment and demands by the Commissioner

and was informed of a substantial multimillion dollar judgment in favor of such party against Siana.

33. Mewbourne seeks declaratory relief consistent with establishing the ownership of the working interests that are the subject of this dispute, and to proceeds currently in suspense relating thereto, all subject to Mewbourne's entitlement to adequate protection of its secured interest in any cash proceeds.

**WHEREFORE**, Mewbourne prays that this Court enter an Order as follows:

1. Accepting the amount to be interpleaded by Mewbourne into the Court's registry and directing the Clerk of the Court to accept those funds to be tendered by Mewbourne;

2. Allowing Mewbourne to thereafter deposit additional funds on a monthly basis accruing to the disputed interests in the Inland Wells net of Mewbourne's operating costs until this matter is disposed of in total and directing the Clerk of the Court to accept such future tenders;

3. Directing that the tenders by Mewbourne be made, as appropriate, to the Clerk segregated as to the Inland Suspense Funds;

4. Directing the Clerk to accept the tenders and maintain separate accounts for the Inland Suspense Funds;

5. Requiring the Interpleader Defendants to plead and resolve between themselves their claims for the monies held by Mewbourne and to be interpleaded into this Court;

6. Determining who is entitled to the proceeds accrued and to be accrued in the future;

7. Discharging and releasing Mewbourne of any further obligations accruing prior to the date hereof with respect to the payment of the new disputed funds once the suspended funds are tendered to the Court;

8. Determining that once the funds are interpleaded into the Court's registry that no

interest shall thereafter accrue on the funds, including interest related to the New Mexico Oil and Gas Proceeds Payment Act, N.M.S.A. 1978, § 70-10-1, *et seq.*;

9. Awarding Mewbourne its costs and attorneys' fees herein incurred;

10. Awarding Mewbourne such other and further relief as the Court deems just and proper.

Dated: August 30, 2023

Respectfully submitted,

By: */s/ Patrick L. Hughes*
Patrick L. Hughes
Texas State Bar No. 10227300
Garrett Martin
Texas State Bar No. 24092765
Re'Necia Sherald
Texas State Bar No. 24121543
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Email: patrick.hughes@haynesboone.com
Email: garrett.martin@haynesboone.com
Email: renecia.sherald@haynesboone.com

-and-

Craig Stahl
Texas State Bar No. 19006700
**HAYNES AND BOONE, LLP**
10001 Woodloch Forest Drive, Suite 200
The Woodlands, TX 77380
Telephone: (713) 547-2100
Email: Craig.Stahl@haynesboone.com

-and-

Richard E. Olson
**HINKLE SHANOR LLP**
P.O. Box 10
Roswell, NM 88202-0010
Telephone: (575) 622-6510
Email: rolson@hinklelawfirm.com

**Attorneys for Mewbourne Oil Company**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 30, 2023, a true and correct copy of the foregoing was served via electronic mail upon the parties that receive electronic notices in these cases pursuant to the Court's ECF filing system and served via email on the following:

**Reese W Baker**
Baker & Associates
950 Echo Lane, Suite 300
Houston, TX 77024
Email: courtdocs@bakerassociates.net

**Jessie Pierce**
Pierce & O'Neill, LLP
4203 Montrose Boulevard
Houston, Texas 77006
Email: jpierce@pierceoneill.com

**John Havins**
59 & Greenbriar
2211 Norfolk St, Suite 525
Houston TX 77098
Email: jhavins@havinsassoc.com

**Tom M. Ragsdale**
P.O. Box 2246
Conroe, TX 77305
Email: tmragsdale@sianaoil.com

*/s/ Re'Necia Sherald*
Re'Necia Sherald